**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

          Plaintiff,      3:18-cv-00037 (BKS/DEP)

v.

CHRISTOPHER DURYEA a/k/a CHRISTOPHER J.
DURYEA,

          Defendant.

---

**Appearances:**

John S. Manfredi
Manfredi Law Group, PLLC
302 East 19th Street, Suite 2A
New York, NY 10003
*For Plaintiff*

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

Plaintiff United States of America brings this action against Defendant Christopher Duryea, alleging that he defaulted on a student loan.[1] (Dkt. No. 1, ¶ 3). Defendant has neither answered the Complaint nor otherwise appeared in this action. (*See* Dkt. No. 5). Presently before the Court is Plaintiff's motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 9). Plaintiff seeks unpaid principal in the amount of $25,348.94, as well as unpaid interest accruing at a rate of 4.375% per annum. (Dkt. No. 9-2, ¶ 10). For the reasons stated below, Plaintiff's motion is granted.

---

[1] The Court has subject-matter jurisdiction under 28 U.S.C. § 1345. (Dkt. No. 1, ¶ 1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint and the attached Certificate of Indebtedness from the U.S. Department of Education ("DOE"), on February 11, 2010, Defendant "executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education" for the principal amount of $25,348.94. (Dkt. No. 1, at 4). "The Department demanded payment according to the terms of the note," but Defendant "defaulted on the obligation" on March 18, 2011. (*Id*.). The debt accrues interest at a rate of 4.375% per annum. (*Id*. ¶ 3, at 2). Defendant defaulted on March 18, 2011, and the amount remains unpaid. (*Id*. ¶¶ 3–4). Defendant "refuses to remit complete payment." (*Id*. ¶ 5). In support of Plaintiff's motion for default judgment, DOE Loan Analyst Rhoda Terry submitted an affidavit, sworn on April 2, 2018, stating that DOE records show that Defendant still owes the aforementioned amounts. (Dkt. No. 9-1, ¶ 8).

On January 9, 2018, Plaintiff commenced this action against Defendant for this unpaid student loan debt. (Dkt. No. 1). Plaintiff served Defendant on February 13, 2018. (Dkt. No. 4). Defendant has not answered the Complaint or appeared in this action. (*See* Dkt. No. 6). At Plaintiff's request, on March 9, 2018, the Clerk entered Defendant's default. (Dkt. Nos. 5, 6). On April 8, 2018, Plaintiff filed and served the present motion for default judgment against Defendant. (Dkt. No. 9). Defendant did not respond.

## III. DISCUSSION

### A. Default Judgment Standard

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default."); *see also* L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded"). Second, under Rule 55(b), the plaintiff may apply for entry of default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain," or by the court "[i]n all other cases." Fed. R. Civ. P. 55(b)(1), (2); *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

### B. Liability

By failing to answer the Complaint, Defendant is deemed to have admitted the factual allegations in the Complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2, 2011 U.S. Dist. LEXIS 32249, at *5–6 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim."). But before entering default judgment, the Court must review the allegations to determine whether Plaintiffs have stated a valid claim for relief. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Telequip Corp. v. Change Exch.*, No. 01-cv-1748, 2004 WL 1739545, at *1, 2004 U.S. Dist. LEXIS 14892, at *3 (N.D.N.Y. Aug. 3, 2004).

The four elements necessary to establish a claim for the recovery of unpaid student loans are: (1) the defendant signed the promissory note of the loan; (2) the DOE disbursed the loan; (3) the defendant defaulted on the loan; and (4) there remains an unpaid amount on the loan. *United States v. Thomas*, No. 16-cv-6076, 2017 WL 2656123, at *2, 2017 U.S. Dist. LEXIS 94229, at *4 (E.D.N.Y. June 19, 2017); *United States v. Cohan*, 111 F. Supp. 3d 166, 172. (D. Conn. 2015); *United States v. Mullaney*, No. 09-cv-1748, 2010 WL 4681251, at *1, 2010 U.S. Dist. LEXIS 117553, at *2–3 (D. Conn. Nov. 5, 2010).

Here, Plaintiff has pled facts sufficient to establish that it is entitled to default judgment on Defendant's unpaid student loan. Plaintiff has alleged that Defendant executed the promissory note on February 11, 2010, and the loan was disbursed on May 14, 2010. (Dkt. No. 1, at 4). The DOE demanded payment, and Defendant defaulted on the loan on March 18, 2011. (*Id.*). Defendant refuses to make any further payments, and $25,348.94 in principal remains unpaid on the loan. (*Id.* ¶¶ 4–5, at 2). Thus, taking the factual allegations in the Complaint as true, the Court concludes Plaintiff has sufficiently stated a claim for the recovery of a student loan debt.

### C. Damages

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup*, 973 F.2d at 158). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the Court to evaluate the proposed sum and determine an

4

award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) ("Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages."); Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

Plaintiff seeks principal in the amount of $25.348.94, accrued interest in the amount of $8,315.14 as of November 22, 2017, and additional interest accruing at $3.04 per day for each day following November 22, 2017 through the date of judgment.[2] In support of their application for an award of damages, Plaintiff relies on: (1) the affidavit of Ms. Terry, a loan analyst with the DOE; (2) the affirmation of its attorney; and (3) the Certificate of Indebtedness issued by the Department of Education. (Dkt. Nos. 9-1 to -3). In her affidavit, Ms. Terry avers that DOE records show that Defendants is indebted in the aforementioned amount. (Dkt. No. 9-1 ¶¶ 1–2, at 7). The Court therefore has a sufficient evidentiary basis for an award of damages as requested. *See United States v. Zdenek*, No. 10-cv-5566, 2011 WL 6754100, at *2, 2011 U.S. Dist. LEXIS 147965, at *6–7 (E.D.N.Y. Dec. 22, 2011) (holding that the Certificate of Indebtedness is sufficient for awarding damages).

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment against Defendant Christopher Duryea (Dkt. No. 9) is **GRANTED**; and it is further

---

[2] An interest rate of 4.375% per year on a principal amount of $25,348.94 yields an interest amount of approximately $3.04 per day: $(0.04375 \times \$25,348.94)/365 \approx \$3.04$.

**ORDERED** that the Clerk of Court is directed to enter a judgment in Plaintiff's favor against Defendant Christopher Duryea in the amount of $25.348.94 in unpaid principal, $8,315.14 in unpaid interest as of November 22, 2017, and an additional $3.04 in interest for each day after November 22, 2017 through the date of judgment.

**IT IS SO ORDERED.**

Dated: November 2, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge